UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ERIC SCOTT KEELING,               )
                                  )
        Plaintiff,                )        Civil Action No. 3:18-CV-318-CHB
                                  )
v.                                )
                                  )        **MEMORANDUM OPINION**
MIKE SIMPSON *et al.*,             )            **AND ORDER**
                                  )
        Defendants.               )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A of

Plaintiff Eric Scott Keeling's *pro se* complaint. For the reasons that follow, the Court will allow

his claim regarding black mold and poor ventilation to continue and dismiss all other claims.

## I. SUMMARY OF CLAIMS

Plaintiff is a federal inmate currently incarcerated at the Federal Correctional Institute

Hazelton. He brings this action pursuant to 42 U.S.C. § 1983 challenging his pretrial detention at

the Oldham County Jail (OCJ). As Defendants, he names OCJ Jailer Mike Simpson and OCJ

Major Jeff Tindell in their individual and official capacities.

In his complaint, Plaintiff first alleges that his Eighth Amendment rights have been

violated "[d]ue to black mold and poor [ventilation] which ha[ve] caused [irregular] breathing

and [irregular] sleep patterns that ha[ve] resulted in depression." [R 1. at p. 4] Plaintiff next

alleges that in December 2017, he requested access to a federal law library, "and Jailer Mike

Simpson told me that access to federal law books will be provided on the kiosk when

[transferred] to [a] new facility." *Id.* He claims he wrote a grievance, "and Major Tindell stated

'Oldham County isn't required to have [a] law library and my [grievance] isn't grievable.'" [R. 1 at pp. 4-5]

Finally, Plaintiff alleges that on March 18, 2018, he requested a § 1983 form and that Deputy Secor said he would provide one. *Id.* at p. 5. However, Plaintiff claims that the next day, Defendant Tindell told him he needed to pay $2.10 to obtain one. *Id.* He states that other officers told him to have his family or lawyer to send him a form; that on March 23, 2018, his mother sent him a form; but that "[t]hey sent the form back to sender and said [OCJ] policy states no copies of paper to be sent in." *Id.* He claims that on March 24, 2018, he "received printed out case laws . . . that they let me keep which [contradicts] their policy." *Id.* As relief, Plaintiff seeks monetary damages and an injunction "providing federal law material." *Id.* at p. 6.

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the trial court must review the complaint and dismiss the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

#### A. *Black Mold/Poor Ventilation*

The Court will allow this Fourteenth Amendment[1] claim to proceed against Defendant Jailer Simpson in his individual and official capacities.

Because Plaintiff does not mention Defendant Tindell as participating or otherwise being involved in the black mold/poor ventilation matter, the Court will dismiss that claim brought against him in his individual capacity.[2] *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Further, because the official-capacity claim against both Defendants is actually against their employer, Oldham County, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (indicating that official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent'") (quoting *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)), the Court will dismiss the official-capacity claim against Defendant Tindell without prejudice as duplicative to the official-capacity claim continuing against Defendant Jailer Simpson/Oldham County.

---

[1] Although Plaintiff alleges an Eighth Amendment violation, the Fourteenth Amendment, not the Eighth Amendment, applies to his claims because he is a pretrial detainee, not a convicted prisoner. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees."); *see also id.* at 938 n.3 (noting that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), may abrogate the subjective intent requirement of a pretrial detainee's deliberate indifference claim).

[2] For the purposes of initial review, the Court presumes that Defendant Simpson, as Jailer, maintains control over the conditions at OCJ, and, therefore, allows the individual-capacity claim to proceed against him, even though Plaintiff does not specifically mention him by name with respect to the black mold/poor ventilation claim.

**B. Law Library and § 1983 Form**

Prisoners have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "[M]eaningful access will vary with the circumstances," and officials are to be accorded discretion in determining how that right is to be administered. *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992); *Bounds*, 430 U.S. at 830-31. "The inquiry is [] whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. at 825.

To state a claim for a denial of access to the courts, therefore, a prisoner will have to demonstrate actual prejudice to pending litigation that challenges his sentence or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In this case, Plaintiff fails to allege any actual injury to past or pending litigation as a result of not having access to a "federal law library" or of not being given a § 1983 form.

Indeed, Plaintiff was able to obtain a § 1983 form from some source to file the instant action. Thus, Plaintiff has failed to state a constitutional violation.

## V. <u>CONCLUSION AND ORDER</u>

For the reasons above, on initial review of the complaint, **IT IS HEREBY ORDERED** as follows:

1.      The Fourteenth Amendment black mold/poor ventilation claim will continue against Defendant Jailer Simpson in his individual and official capacities.

2.      The claims regarding a law library and a § 1983 form against Defendants Simpson and Tindell in both capacities and the black mold/poor ventilation claim against Defendant Tindell in his individual capacity are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3.      The black mold/poor ventilation claim against Defendant Tindell in his official capacity is **DISMISSED WITHOUT PREJUDICE** to the continuing, duplicative, official-capacity claim against Defendant Jailer Simpson/Oldham County.

The Court will enter a separate Service and Scheduling Order to govern the continuing claim.

Date:   December 14, 2018

_Claria Horn Boom_

Claria Boom, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Oldham County Attorney
A958.005

- 6 -